IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

DAVID R. CANDELARIA,

    Plaintiff,

 v.                                                                                        No. CIV 15-00579-JCH-GBW

BERNALILLO COUNTY,

    Defendant.

MEMORANDUM OPINION AND ORDER

        This matter is before the Court, *sua sponte* under 28 U.S.C. § 1915(e)(2) and rule 12(b)(6) of the Federal Rules of Civil Procedure, on Plaintiff's civil rights complaint. Plaintiff is incarcerated, appears pro se, and is proceeding in forma pauperis. For the reasons set out below, Plaintiff's complaint will be dismissed and Plaintiff will be granted leave to file an amended complaint within twenty-one days of the date of this Order.

        The Court has the discretion to dismiss an in forma pauperis complaint *sua sponte* under § 1915(e)(2) "at any time if . . . the action . . . is frivolous or malicious; [or] fails to state a claim on which relief may be granted." The Court also may dismiss a complaint *sua sponte* under rule 12(b)(6) of the Federal Rules of Civil Procedure for failure to state a claim if "it is 'patently obvious' that the plaintiff could not prevail on the facts alleged, and allowing him an opportunity to amend his complaint would be futile." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991) (quoting *McKinney v. Oklahoma, Dep't of Human Services*, 925 F.2d 363, 365 (10th Cir. 1991)). A plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). In reviewing Plaintiff's pro se complaint, the Court applies the same legal standards applicable to pleadings drafted by counsel but

liberally construes the allegations. *See Northington v. Jackson*, 973 F.2d 1518, 1520-21 (10th Cir. 1992).

The complaint alleges that Defendant Bernalillo County unlawfully transported Plaintiff, who was a pretrial detainee at the Metropolitan Detention Center (MDC), to Polke County, Texas contrary to various "rules and regulations set forth in the New Mexico Constitution." [Doc. 1 at 1] The complaint further alleges that Plaintiff "informed MDC staff that he has bi-lateral total hip replacements," but Defendant nonetheless transported Plaintiff "on a 22-hour bus drive, ankle and wrist restraints, to a detention facility in Texas contracted to house 'overflow' inmates." [Doc. 1 at 1] Plaintiff contends that Defendant's conduct violated the Fourteenth Amendment of the United States Constitution and seeks compensatory damages in the amount of $250,000. [Doc. 1 at 2]

As a preliminary matter, "'[i]t is well established' that a violation of state law 'does not create a claim under § 1983.' A failure to follow a state statute is 'actionable only if the [alleged] actions fail to meet basic constitutional standards.'" *Hoffman v. Martinez*, 92 F. App'x 628, 632 (10th Cir. Feb. 6, 2004) (unpublished) (quoting *Rector v. City & County of Denver*, 348 F.3d 935, 947 (10th Cir. 2003)); *see also Jones v. City & County of Denver*, 854 F.2d 1206, 1209 (10th Cir. 1988) ("Section 1983 does not . . . provide a basis for redressing violations of *state* law, but only for those violations of *federal* law done under color of state law." (emphasis in original)). In other words, illegality under a state statute "can neither add to nor subtract from . . . constitutional validity," because the "[m]ere violation of a state statute does not infringe the federal Constitution." *Snowden v. Hughes*, 321 U.S. 1, 11 (1944). Furthermore, a plaintiff's pleading must allege that the defendants' actions caused an "actual injury[, which] derives ultimately from the doctrine of standing." *Lewis v. Casey*, 518 U.S. 343, 349 (1996); *see also*

*O'Shea v. Littleton*, 414 U.S. 488, 493 (1974) ("Plaintiffs in the federal courts 'must allege some threatened or actual injury resulting from the putatively illegal action before a federal court may assume jurisdiction.'" (quoting *Linda R.S. v. Richard D.*, 410 U.S. 614, 617 (1973)).

The factual allegations in Plaintiff's complaint fail to state a claim upon which relief may be granted. First, "state and federal prisoners generally enjoy no constitutional right to placement in any particular penal institution." *Prows v. Fed. Bureau of Prisons*, 981 F.2d 466, 468 n.3 (10th Cir. 1992). Absent some prohibited reason for the transfer, such as discrimination or retaliation for the exercise of a constitutional right, the transfer itself does not violate the constitution. *See id.*; *Frazier v. Dubois*, 922 F.2d 560, 561-62 (10th Cir. 1990) (agreeing that "[w]hile a prisoner enjoys no constitutional right to remain in a particular institution and generally is not entitled to due process protections prior to such a transfer, prison officials do not have the discretion to punish an inmate for exercising his first amendment rights by transferring to a different institution." (citation omitted)). The complaint does not allege that Plaintiff was transferred for a prohibited reason; indeed, the complaint alleges that the purpose of the transfer was "to house 'overflow' inmates." [Doc. 1 at 1]

Second, Plaintiff's complaint fails to allege sufficient facts to support an unconstitutional conditions of confinement claim. "Although the Due Process Clause governs a pretrial detainee's claim of unconstitutional conditions of confinement . . . the Eighth Amendment standard provides the benchmark for such claims." *Craig v. Eberly*, 164 F.3d 490, 495 (10th Cir. 1998). Under the Eighth Amendment "[p]rison officials are required to provide humane conditions of confinement by ensuring inmates receive the basic necessities of adequate food, clothing, shelter, and medical care and by taking reasonable measures to guarantee the inmates' safety." *Barney v. Pulsipher*, 143 F.3d 1299, 1310 (10th Cir. 1998). "To prevail on a conditions

of confinement claim under the Eighth Amendment, an inmate must establish that (1) the condition complained of is sufficiently serious to implicate constitutional protection, and (2) prison officials acted with deliberate indifference to inmate health or safety."[1] *DeSpain v. Uphoff*, 264 F.3d 965, 971 (10th Cir. 2001) (internal quotation marks and citation omitted). "In order to satisfy the first requirement, the inmate must show that he is incarcerated under conditions posing a substantial risk of serious harm." *Id.* (internal quotation marks and citation omitted). In order to satisfy the second requirement, "the prisoner must show that the defendants knew he faced a substantial risk of harm and disregarded that risk, by failing to take reasonable measures to abate it." *Martinez v. Beggs*, 563 F.3d 1082, 1089 (10th Cir. 2009) (internal quotation marks and citation omitted).

Plaintiff's complaint fails to allege that Plaintiff suffered severe pain or lasting injury as a result of the twenty-two hour transport to Texas and, therefore, the facts alleged are insufficient to implicate constitutional protection. *See Tafoya v. Salazar*, 516 F.3d 912, 916 (10th Cir. 2008) (holding that the Eighth Amendment "does not impose constitutional liability on prison officials for every injury suffered by an inmate," rather "the alleged injury or deprivation must be sufficiently serious"); *Miller v. Glanz*, 948 F.2d 1562, 1570 (10th Cir. 1991) ("This court has stated that the 'pain' associated with an Eighth Amendment violation 'means more than momentary discomfort; the attack must have resulted in either severe pain or a lasting injury.'" (quoting *Sampley v. Ruettgers*, 704 F.2d 491, 495 (10th Cir. 1983)). Additionally, although Plaintiff's complaint alleges that MDC staff was aware of his bilateral hip replacement, it fails to

---

[1] Recently, in *Kinglsey v. Hendrickson*, 135 S.Ct. 2466, 2472 (2015), the United States Supreme Court held that pretrial detainees asserting excessive force claims under the Fourteenth Amendment are not required to prove that the defendants acted with a culpable state of mind; instead "the relevant standard is objective not subjective." However, *Kinglsey* "has not been held to apply to deliberate indifference cases." *Goodwin v. Davidson County Sheriff's Office*, No. 3:15-CV-00927, 2015 WL 5124128, at *3 n.1 (M.D. Tenn. Sept. 1, 2015) (unpublished); *see Castro v. County of Los Angeles*, 797 F.3d 654, 665 (9th Cir. 2015) (holding that the deliberate indifference standard "is completely different from the standard for an excessive-force claim" and, therefore, *Kingsley* is inapplicable).

allege that MDC staff was aware of, and deliberately indifferent to, a substantial risk of harm posed by the transport to Texas.  *See Verdecia v. Adams*, 327 F.3d 1171, 1175 (10th Cir. 2003) ("The subjective component of the deliberate indifference test requires that, before liability can be imposed, a prison official 'must be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference.'" (quoting *Craig*, 164 F.3d at 495)).

Finally, a county "cannot be held liable under section 1983 on a *respondeat superior* theory for merely employing a tortfeasor." *Starrett v. Wadley*, 876 F.2d 808, 818 (10th Cir. 1989) (citing *Monell v. New York City Dep't of Soc. Serv.*, 436 U.S. 658 (1978)).  Rather, counties "are subject to liability only for their official policies or customs." *Id.*  Plaintiff's civil rights complaint fails to allege that Defendant Bernalillo County had an official policy or custom regarding the transport of pretrial detainees in violation of the Fourteenth Amendment of the United States Constitution.  Therefore, Plaintiff's civil rights complaint fails to state a claim for relief and will be dismissed.

The Court will grant Plaintiff leave to file an amended complaint within twenty-one days of the date of this Order.  Plaintiff's amended complaint must contain sufficient facts to state a plausible claim for relief under the Fourteenth Amendment and make "make clear exactly *who* is alleged to have done *what* to *whom*." *Robbins v. Oklahoma*, 519 F.3d 1242, 1250 (10th Cir. 2008).  Failure to comply with this Order may result in dismissal of this action without further notice.

IT IS THEREFORE ORDERED that Plaintiff's civil rights complaint [Doc. 1] is DISMISSED without prejudice and, within twenty-one (21) days from the entry of this Order, Plaintiff may file an amended complaint identifying a plausible claim for relief under the

Fourteenth Amendment and a proper defendant or defendants.

                                                  _____
                                                  UNITED STATES DISTRICT JUDGE